**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen C. Dean,<br><br>              Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>              Respondents. | No. CV07-1437-PHX-SRB<br><br>**ORDER** |

On July 26, 2007 Petitioner, Stephen C. Dean, filed a timely Petition for Writ of Habeas Corpus challenging his state court convictions for theft of means of transportation, aggravated with two prior felony convictions and shoplifting. Petitioner raised four grounds for relief in his petition all of which generally relate to the fact that after he requested new counsel the state court prosecutor refused thereafter to enter into plea negotiations with him or to allow him to accept a previously offered plea agreement. Petitioner's specific claims are quoted verbatim in the Magistrate Judge's Report and Recommendation at page 5.

Respondents filed their answer to the petition on December 11, 2007, arguing that the petition should be dismissed because the grounds alleged are procedurally barred from further review as they were not properly raised in the state court. Petitioner filed a rebuttal to the state's answer on January 25, 2008.

On February 12, 2008, the Magistrate Judge issued her Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice because Petitioner's claims were all procedurally defaulted. Petitioner requested and was granted an extension of time to file objections to the Report and Recommendation. Thereafter Petitioner filed timely written objections on March 20, 2008. Respondents have not filed any objections to the Report and Recommendation nor have they responded to the objections.

This Court has conducted a *de novo* review of the record in this case and agrees with the conclusion of the Magistrate Judge that Petitioner has procedurally defaulted his claims. Petitioner's objections will be overruled and the petition denied and dismissed with prejudice for the reasons set out below.

The factual background leading up to Petitioner's state court conviction after a jury trial for theft of a means of transportation, aggravated by two prior felony convictions and shoplifting are set forth in the Magistrate Judge's Report and Recommendation. Petitioner does not take issue with this recitation of the facts in his objections. While he disputes the Magistrate Judge's characterization of his four grounds for relief as essentially the same, he does not dispute that all of these grounds revolve around the fact that on the day he was to accept the state's plea agreement and plea guilty he had second thoughts about his previous waiver of the conflict that existed with his defense attorney and requested new counsel. After that date, the prosecutor refused further plea negotiations and refused to allow Petitioner to enter into the previously offered plea agreement. He alleges that his constitutional rights were violated by this series of events  and characterizes them as a violation of due process based on alleged prosecutorial vindictiveness, a violation of his Sixth Amendment right to "conflict free" counsel, a violation of due process because he was punished for doing what the law allowed him to do, and a violation of his constitutional right to counsel because the state imposed a penalty upon the exercise of his legal right to change counsel.

As the Magistrate Judge noted in her Report and Recommendation before a state prisoner can bring issues before the federal court on a Petition for Writ of Habeas Corpus he must first exhaust his remedies in state court. To properly exhaust his state remedies, a habeas petitioner must fairly present his claims in state court in a procedurally appropriate manner. If the constitutional claims are not properly presented in state court the federal court cannot consider the claims unless the Petitioner can demonstrate either cause for his non-compliance and actual prejudice or that a fundamental miscarriage of justice would result. *See*, Report and Recommendation at p. 5-6.

The record reflects that when Petitioner made his direct appeal to the Arizona Court of Appeals and his subsequent Petition for Review to the Arizona Supreme Court he argued the constitutional violations that he raises in this petition. But Petitioner failed to first raise these issues before the trial court judge. Therefore the Court of Appeals concluded that these issues were waived on appeal. In its memorandum decision filed January 25, 2007, the Court of Appeals noted that after new counsel was appointed the issue of the possibility of defendant entering into a plea agreement or pleading guilty was never again raised before the trial judge. The Court of Appeals concluded:

> On appeal, Defendant contends that the prosecutor acted with prosecutorial vindictiveness because he did not reopen or continue plea negotiations after Defendant requested new counsel. We review Defendant's claim for fundamental error because he failed to raise the issue at trial.

Exhibit Q to Respondents' Answer to Petition for Writ of Habeas Corpus, p. 6.

In his objections to the Report and Recommendation Petitioner argues that exhaustion does not apply to his case because he factually pled his issues in state court in accordance with the requirements of 28 U.S.C. §2254(b)(1) by timely presenting his claims to Arizona's highest court in a procedurally appropriate manner. The Court disagrees. While the issues raised in this habeas petition were raised before the Arizona Court of Appeals, the Arizona Court of Appeals found that they could not be considered because they had not been raised before the trial court. The Arizona courts never decided Petitioner's constitutional claims but only engaged in a fundamental error review. As noted by the Magistrate Judge, fundamental

1 error review does not exhaust claims that were never fairly presented for purposes of federal
2 habeas review.  Report and Recommendation at p. 7.  (Citing *Poland (Michael) v. Stewart*,
3 117 F.2d 1094, 1105 (9th Cir. 1997) and *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th
4 Cir. 1996)).

5       Petitioner also argues cause and prejudice and fundamental miscarriage of justice to
6 excuse his procedural default.  The standard for cause and prejudice to excuse a procedural
7 default requires that a petitioner "point to some external cause that prevented him from
8 following the procedural rules of the state court and fairly presenting his claim."  Report and
9 Recommendation at p. 8.  (Citing *Robinson v. Ignacio,* 360 F.3d 1044, 1052 (9th Cir. 2004)).
10 In his petition, rebuttal and objections Petitioner has failed to show any external impediment
11 preventing him from raising his constitutional claims at the state trial level.

12       A miscarriage of justice exists only when a constitutional violation has resulted in the
13 conviction of one who is actually innocent.  Report and Recommendation at p. 8.  (Citing
14 *Murray v. Carrier*, 477 U.S. 478, 495-496 (1986)).  Petitioner does not raise such a claim.
15 Instead he asserts that the totality of errors should be deemed fundamental and thereby
16 establish cause and prejudice or a fundamental miscarriage of justice.  This is not the
17 standard for cause and prejudice or a fundamental miscarriage of justice to excuse a
18 procedural default.

19       In order for the Arizona Court of Appeals to review his claims of constitutional error,
20 Petitioner was first required to raise those claims before the trial court.  He never did and the
21 Arizona Court of Appeals was limited to a fundamental error review.  Under the federal
22 requirements for exhaustion Petitioner never properly presented his constitutional claims for
23 decision in the Arizona state court and, therefore, those claims cannot be considered here.

24       IT IS ORDERED overruling Petitioner's objections to the Report and
25 Recommendation.

26       IT IS FURTHER ORDERED adopting the Report and Recommendation of the
27 Magistrate Judge as the order of this Court.

28

1    IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied
2 and dismissed with prejudice.

5    DATED this 11th day of April, 2008.

_____
Susan R. Bolton
United States District Judge